IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-344-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT, | ) |
| JOHN DOE I, JOHN DOE II, and JOHN | ) |
| DOE III, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Dennis Watson ("Watson"), a former inmate at the Howard R. Young Correctional Institution, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4, 13.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A

## I. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## II. ANALYSIS

Watson alleges that on May 7, 2007, at 1:00 a.m. he was subjected to a random traffic stop by Officer John Doe ("Officer Doe"). Watson alleges that he and his passenger were

ordered out of the car, and Officer Doe struck him with his baton. Watson alleges that several other officers arrived and began tasering him. Watson alleges that after being detained, he complained about being tasered and unnecessary roughness which resulted in unnamed officers dropping him on his head, while he was handcuffed. Plaintiff alleges this rendered him unconscious and he awakened from a mild coma two days later. Plaintiff alleges he spent several days in intensive care and under medical supervision.

In addition to the John Doe defendants, plaintiff has also named the Wilmington Police Department as a defendant. It may be that plaintiff is attempting to hold the Wilmington Police Department vicariously liable for its employees' conduct. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Watson has not raised any specific allegation against the Wilmington Police Department, and therefore, he cannot establish a claim against it.

However, in this instance, *sua sponte* dismissal of the Wilmington Police Department would make it very difficult or impossible for Watson to discover the identity of the Officer John Doe defendants. Therefore, in the interest of justice, the court will direct service upon the Wilmington Police Department and will further direct it to identify for Watson the Officer John Does who stopped him and detained him on May 7, 2007, at 1:00 a.m., and who were present at

the time he was "dropped on his head" as soon as possible after the complaint is served. When Watson learns the identity of the Officer John Doe defendants, he must immediately apply to this court for an order directing amendment of the caption and service of the complaint on them. *See Borges v. Administrator for Strong Memorial Hosp.*, No. 99-CV-6351FE, 2002 WL 31194558, at *1 n.1 (W.D.N.Y. Sept. 30, 2002). *See also Searcy v. Dallas Police Dep't*, No. 3:01-CV-0687-P, 2001 WL 611169 (N.D. Tx. May 31, 2001)(Plaintiff sued two unnamed City of Dallas Police Officers, claiming excessive force, and Magistrate Judge ordered that service be completed on the defendants through the City of Dallas Police Department).

### III.    CONCLUSION

Based upon the foregoing analysis, Watson will be allowed to proceed with this excessive force claim. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_Dec. 20_, 2007
Wilmington, Delaware



FILED

DEC 20 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-344-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT, | ) |
| JOHN DOE I, JOHN DOE II, and JOHN | ) |
| DOE III, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 20th day of Dec, 2007, for the reasons set forth in the Memorandum issued this date,

1. The court has identified what appear to be cognizable excessive force claims against John Does I, II, and III. Watson may proceed with those claims.

2. The Wilmington Police Department shall identify John Does I, II, and III, as soon as possible after the complaint is served.

3. Watson shall immediately move the court for an order directing amendment of the caption and service of the complaint upon learning the identification of the John Doe defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal 285" form for **the defendant Wilmington Police Department , as well as for the Chief Executive Officer of the City of Wilmington, Delaware**, pursuant to Fed. R. Civ. Pro. 4(j)(2). **Failure to provide a "U.S. Marshal 285"**

**form for the defendant(s) within 120 days of this order may result in the complaint being dismissed or the defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).** The plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the defendants.

    3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

DEC 20

U.S. DISTRICT COURT
DISTRICT OF DELAWARE